# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    v.                            MAGISTRATE JUDGE'S DOCKET
                                    NO. 05M0426RBC

SILVIO ORTEGA-HERRERA,
        Defendant.

## ORDER OF DETENTION PENDING TRIAL

**COLLINGS, U.S.M.J.**

      In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

    \_\_\_    (1)    The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
                    \_\_\_    a crime of violence as defined in 18 U.S. C. §3156(a)(4).
                    \_\_\_    an offense for which the maximum sentence is life imprisonment or death.
                    \_\_\_    an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the
Maritime Drug Enforcement Act.
                    \_\_\_    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
    \_\_\_    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
    \_\_\_    (3)    A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).
    \_\_\_    (4)    Findings Nos (1), (2) and (3) establish a rebuttable presumption that no condition or

combination of conditions will reasonable assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

\_\_\_ (1) There is probable cause to believe that the defendant has committed an offense.
   \_\_\_ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act
   \_\_\_ under 18 U.S.C. §924(c).

\_\_\_ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the safety of the community.

### Alternative Findings (B)

_x_ (1) There is a serious risk that the defendant will not appear.
\_\_\_ (2) There is a serious risk that the defendant will endanger the safety of another person or the community if released.

### Part II - Written Statement of Reasons for Detention

The defendant is an illegal alien who has been previously deported and re-entered without permission. At that time of his arrest, numerous false INS documents were found in his possession. I find that there are no conditions of release or combination of conditions of release which will reasonably assure the defendant's appearance. If released, it is likely that the defendant would flee, obtain new false documentation, and attempt to remain in this country and avoid prosecution and a further deportation.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appear. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

*/s/ Robert B. Collings*

_____
ROBERT B. COLLINGS
United States Magistrate Judge

Dated: March 18, 2005.